# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 19, 2019

156502

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ANTJUAN PIERRE JACKSON,
      Defendant-Appellant.

SC: 156502
COA: 332307
Kalamazoo CC: 2014-000203-FC

_____/

On May 7, 2019, the Court heard oral argument on the application for leave to appeal the July 25, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, VACATE the sentence of the Kalamazoo Circuit Court, and REMAND this case to that court for resentencing.

MCL 777.19 provides that, in addition to the enumerated felonies in part II, attempts to commit certain enumerated felonies are to be sentenced under the guidelines if the attempt constitutes a felony. Thus, MCL 777.19 is of course a relevant consideration when the sentencing offense (unlike in this case) is an attempt. MCL 777.19 is also relevant to identify the offense classification of a prior attempt conviction for purposes of scoring Prior Record Variable (PRV) 1, MCL 777.51, and PRV 2, MCL 777.52, which expressly incorporate the sentencing guidelines' offense classifications. See *People v Wright*, 483 Mich 1130 (2009).

In contrast to PRV 1 and PRV 2 (as well as other sentencing guidelines variables), Offense Variable (OV) 13, MCL 777.43, does not expressly incorporate the sentencing guidelines' offense classifications. Rather, OV 13 is scored for "felonious criminal activity"—that is, prior conduct that meets the definition of a felony, "regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). The Code of Criminal Procedure defines a "felony" as "a violation of a penal law of this state for which the offender . . . may be punished by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." MCL 761.1(f).

A prior conviction for attempted resisting and obstructing does not, on its face, establish felonious criminal activity. The defendant's *convictions* for attempted resisting and obstructing were not punishable with imprisonment for more than one year, see MCL 750.81d(1), MCL 750.92(3), and MCL 750.479(2). And MCL 777.19 does not "expressly designate[]" the defendant's attempt convictions to be felonies. MCL 761.1(f). The Court of Appeals erred when it held otherwise in *People v Mosher,* unpublished per curiam opinion of the Court of Appeals, issued January 23, 2014 (Docket No. 312996). Thus, the Court of Appeals' reliance on *Mosher* here was error. Accordingly, on remand, the sentencing court shall determine in the first instance whether the defendant's conduct in attempting to violate MCL 750.81d or MCL 750.479, when combined with the sentencing offense, establishes "a pattern of felonious criminal activity involving 3 or more crimes against a person" for purposes of scoring OV 13. MCL 777.43(1)(c).

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 19, 2019



Clerk

t0716